# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2806 | **DATE** | 11/27/2012 |
| **CASE TITLE** | Lynn B. Pettis vs. L.A. Fitness, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants defendants' motion to dismiss [26] and dismisses with prejudice plaintiff's complaint. This case is terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Lynn Pettis, proceeding *pro se*, has sued L.A. Fitness and "Cory," one of its managers, for their alleged violations of Title VII and 42 U.S.C. § 1981. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

**Facts**

On January 23, 2012, plaintiff began working as a janitor at the L.A. Fitness facility at 11520 South Marshfield in Chicago. (Compl., Cause of Action ¶ 1.) On the morning of February 8, 2012, he sent a text message to his manager, telling her that the night janitor had not properly cleaned the mens' room. (*Id.* ¶ 3.) The facility's manager, Cory, whom Pettis did not recognize, told Pettis "in a rough and demeaning tone" to "clean the men's washroom up right now." (*Id.* ¶¶ 3-5, 9.) When Pettis objected to Cory's tone, Cory told Pettis to get to work or he would be fired. (*Id.* ¶ 6.) Pettis refused, and Cory told Pettis he was fired. (*Id.* ¶ 7.)

Pettis then went to the back room to get his coat. (*Id.* ¶ 10.) Cory followed and said to Pettis, "We're in the back now, what now?," which Pettis interpreted as a threat. (*Id.*) Nonetheless, Pettis told Cory, "You can not [sic] talk to me like that," and walked out to the front of the facility. (*Id.* ¶¶ 10-11.)

Cory followed Pettis and asked him to sit down to talk about the situation. (*Id.* ¶ 11.) When Pettis explained why he had been using his phone, Cory replied, "[E]verything is ok, you can go back to work." (*Id.*) The two men shook hands, and Pettis worked, without incident, the rest of that day and the next. (*Id.* ¶¶ 13, 16.)

On February 10, 2012, Pettis faxed a complaint to L.A. Fitness, at the end of which he "expressed that [he] would continue working there until a replacement was found." (*Id.* ¶ 18.)

When Pettis went to work on February 12, 2012, he was told that he had been replaced. (*Id.* ¶ 19.)

**STATEMENT**

## Discussion

In ruling on this Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, draws all reasonable inferences in plaintiff's favor and, because he is *pro se*, liberally construes his pleading. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *Greer v. Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001). The complaint does not need to contain "detailed factual allegations" to survive defendants' motion, but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title VII prohibits employers from discriminating on the basis of race, religion, sex and national origin and from retaliating against employees who complain about such discrimination. 42 U.S.C. § 2000e-2(a)(1). As defendants point out, however, plaintiff can only file suit on Title VII claims that were included in his EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). A claim is "included" in a charge if it is "like or reasonably related" to the claim in the charge, and can be reasonably expected to grow out of an investigation of the claim in the charge. *Id.* (quotation omitted). Plaintiff's charge states: "I began my employment with Respondent on or around January 23, 2012. . . . During my employment I was threatened by management. On or around February 8, 2012, I was constructively discharged. I believe I have been discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Compl, Ex. C2, Charge.) If the protected activity, which plaintiff does not identify, was a complaint of race, gender or religious discrimination, an investigation into the retaliation charge would likely uncover it. Thus, the Court construes plaintiff's charge as including claims of both discrimination and retaliation.

To state a discrimination claim under Title VII or § 1981, plaintiff must allege that defendants subjected him to an adverse employment action because of his membership in a protected class, *e.g.*, his race or religion. 42 U.S.C. § 2000e-2; *Walker v. Abbott Labs.*, 340 F.3d 471, 478 (7th Cir. 2003) (discussing § 1981). To state a viable retaliation claim under either statute, plaintiff must allege that he engaged in statutorily-protected activity, he was subjected to an adverse employment action and there is a causal link between the two. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Viewed liberally, the complaint alleges that: (1) Cory told Pettis, in "a rough and demeaning tone," to clean the mens' room; (2) plaintiff, who did not realize that Cory was his boss, refused; (3) Cory fired plaintiff, but retracted the termination after plaintiff explained why he had been on the phone; (4) plaintiff worked the rest of that day, February 8, 2012, and all of the next day, without incident; (5) on February 10, 2012, plaintiff sent a complaint to L.A. Fitness, the end of which said he "would continue working there until a replacement was found"; and (6) on February 12, 2012, plaintiff was replaced. Plaintiff does not allege that: (1) he is of a different race or religion than Cory; (2) Cory made any reference to plaintiff's race or religion or had any other interaction with plaintiff during his brief employment with L.A. Fitness; or (3) Cory knew about plaintiff's complaint to L.A. Fitness.

Not only do these allegations fail to suggest that plaintiff was the victim of unlawful discrimination or retaliation, they establish that he was not. *See Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 645 (7th Cir. 2005) (harassment is actionable only if it is "both subjectively and objectively so severe or pervasive as to alter the conditions of . . . employment and create an abusive working environment," *i.e.*, creates "[a] workplace . . . that is hellish." (quotations omitted)); *Hilt-Dyson v. City Of Chi.*, 282 F.3d 456, 466 (7th Cir. 2002) (harassment is an adverse employment action only if it is "actionable"); *see also Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998) (stating that constructive discharge is an adverse employment action only if an employer's unlawful discrimination makes plaintiff's working conditions so unbearable that any reasonable employee would be forced to quit). Thus, the Court grants defendants' motion to dismiss plaintiff's complaint.